IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DSM IP ASSETS, B.V., and DSM BIO-BASED
PRODUCTS & SERVICES, B.V.,

                Plaintiffs,                            ORDER

    v.

                                                      16-cv-497-wmc

LALLEMAND SPECIALITIES, INC., and
MASCOMA LLC,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this patent lawsuit, plaintiffs DSM IP Assets, B.V., and DSM Bio-Based Products & Services, B.V., seek an order compelling two depositions on a related issue of the availability of acceptable, noninfringing alternatives -- a relevant factor to the determination of a reasonable royalty. (Dkt. #122.) The court held a telephonic hearing on this motion today, at which the parties appeared by counsel. As explained during that hearing, and set forth more formally in this order, the court denied in part and granted in part that motion.

*First*, plaintiffs sought to depose defendants' expert Dr. Dennis Winge a second time, albeit limited to the opinions raised in his rebuttal report. Plaintiffs have already deposed Dr. Winge once. After that deposition, defendants served Winge's rebuttal report, in which he describes that at least one laboratory strain "remains under intense study at Lallemand as an alternative to" the alleged infringing product. (Winge's Rebuttal Rept. (dkt. #120) ¶ 18.) These opinions were offered in response to plaintiffs' expert, Dr. Stephanopoulos, who concluded that "there was no evidence to support a contention that any of these laboratory strains would be effective for industrial scale . . . fermentations

because none of them had been shown to work outside of laboratory conditions." (Pls.' Mot. (dkt. #122) 2-3 (citing Stephanapoulus Rept. (dkt. #118) ¶¶ 3, 17-25).)

Plaintiffs represent, and attach email communications between the parties, that initially defendants agreed to produce Winge for a deposition provided that the topics were limited to his December 21, 2017, rebuttal report on noninfringing alternatives. (*Id.* at 6.) Subsequently, however, defendants placed two conditions on Winge's deposition: (1) that it be limited to 90 minutes; and (2) that Dr. Stephanopoulos's deposition be extended to 8.5 hours. On the first condition, 90 minutes appears to be a reasonable amount of time to cover the limited scope of Winge's rebuttal report, although the court will not limit plaintiffs to this single topic. Instead, once plaintiffs name a new liability expert, defendants will be afforded the same amount of total time to depose that expert; since Dr. Winge will be deposed for a total of 8.5 hours, then defendants will be afforded 8.5 hours of deposition time with plaintiffs' new expert.

*Second*, plaintiffs seek an order compelling defendants' employee, Aaron Argyros, to sit for a second deposition in light of information received in Winge's supplemental report. As discussed with the parties during the telephonic conference, while Argyros was not expressly disclosed as a person with information relevant to noninfringing alternatives, defendants did disclose their theory of noninfringing alternatives and produced documents tying defendants' related experimentation to Argyros in advance of his deposition. While plaintiffs explored whether defendant had pursued a design around strategy with Argyros during his deposition -- a topic related to noninfringing alternatives -- they stopped short of asking him questions about the two, disclosed strains and the documents within his

2

control concerning testing of those strains that were specifically identified as related to those alternatives.

On this record, in considering the Rule 26(b)(2)(C) factors, the court cannot find that a second deposition is warranted. Instead, plaintiffs may explore with Dr. Winge in his second deposition the substance of his conversations with Argyros. If that deposition provides further support for a second brief telephonic deposition of Argyros, plaintiffs may renew their motion, but for now, that part of plaintiffs' motion is denied without prejudice.

Accordingly, IT IS ORDERED that plaintiffs' motion to compel (dkt. #122) is GRANTED IN PART AND DENIED IN PART as set forth above.

Entered this 12th day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge