IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DSM IP ASSETS, B.V. & DSM BIO-BASED
PRODUCTS & SERVICES, B.V.,

    Plaintiffs and Counter-Defendants

v.

LALLEMAND SPECIALTIES, INC. &
MASCOMA LLC,

    Defendants and Counterclaimants.

ORDER

16-cv-497-wmc

---

The court held a final pretrial conference today, hearing argument on defendants' motion for reconsideration and reserved motions in limine, and directing the parties to file supplemental briefing on certain issues. The purpose of this order is to memorialize those rulings.

IT IS ORDERED that:

1) DSM's MIL No. 6 is GRANTED, except that defense counsel may introduce the fact of Professor Alper's taking over Professor Stephanopoulos's role in this case and what he examined to begin his work. If Professor Stephanopoulos's name comes up, the jury will be informed that a severe illness necessitated his replacement with Professor Alper.

2) The reserved portion of Lallemand's MIL No. 3 is GRANTED as moot.

3) As to the reserved portion of Lallemand's MIL No. 5, plaintiffs may have until Tuesday, May 1, 2018, to file a brief proffer regarding Firestart's relevance to this case, if any. Lallemand may respond by May 3. Otherwise, plaintiffs' expert may rely on LAL00198968 only as evidence that Lallemand believed that DSM *might* become a competitor with respect to industrial GMO yeast.

4) Further, defendants' concerns about late production of documents are moot at this point in light of plaintiffs' representation that the produced documents only concern Firestart.

5) The court clarified that under its ruling on DSM's MIL No. 3, defendants may introduce evidence related to the proper use of the Blomberg assay. The court

will reconsider defendants' ability to argue that Blomberg assay is capable of measuring GPD2 activity, as opposed to GPD1 activity or a combination of GPD1 *and* GPD2 activity.

6) Contrary to the written opinion (dkt. #228), Lallemand's MIL No. 14 is GRANTED, unless defendants open the door.

7) Lallemand may renew its MIL No. 13 (to trifurcate) at the end of the liability phase at trial.

8) At trial, motions in limine result in standing objections; parties do not need to object again at trial if previously denied in the court's MIL rulings.

9) Plaintiffs will have until Tuesday, May 1, to address whether the court may exercise discretion in deciding whether Aaron Argyros may be called adversely live, rather than be presented via video deposition designations under Rule 32(a)(3) as a manager of an opposing party.

10) Defendants shall have until the end of the day on Friday, April 27, to brief and propose changes to the introductory jury instructions. Plaintiffs shall have until the end of the day on Monday, April 30, to respond.

11) Plaintiffs may have until the end of the day Friday, April 27, to propose changes and brief the last two sentences in the prior art and obviousness closing instructions. Defendants shall have until the end of the day on Monday, April 30, to respond.

12) The parties shall advise the court by the end of the day on Friday, April 27, if they agree on removing the court's third claim construction from the closing instruction.

13) Plaintiffs may proffer to the court what secondary conditions of nonobviousness they intend to offer at trial by Monday, April 30. Defendants may respond by Wednesday, May 2.

14) As the court noted, it would like to provide a basic binder of materials to the members of the jury, which would include the patent-in-suit and an overview of the science. The court will circulate to the parties a PowerPoint presentation on which the parties will be provided an opportunity to comment. The parties shall then advise the court by 4:30 p.m. on Tuesday, May 1, if they are able to agree on a basic scientific presentation to show to the jury. If the parties are able to reach agreement, they have until Wednesday, May 2 to submit their joint presentation.

15) The parties agree that only Claim 1 will be at issue for the jury.

16) The statement that Professor Winge's articles have been cited over 17,000 times in his expert narrative is STRUCK because that is difficult to document. If defendants want to make a proffer in support of this claim, they may do so by Wednesday, May 2.

17) References to the number of times Green testified are STRUCK from his expert narrative.

18) Plaintiffs' proposed statements about Alper and David being recognized experts in their fields are STRUCK.

19) The parties will continue to meet and confer as to whether Lallemand's newest product can be addressed in this trial.

20) Fact witnesses, but not experts, will be sequestered throughout trial, other than the parties' designated corporate representatives.

Entered this 25th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge